IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DERRICK JOHNS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | 1:15-CV-267-RP |
| JOHN KAELBLEIN, | § | |
| | § | |
| Defendant. | § | |

**OPINION AND ORDER**

Before the Court are dispositive motions from Defendant in the above-styled case. Specifically, the Court now considers Defendant John Kaelblein's Second Motion to Dismiss for Failure to State a Claim, filed July 15, 2015 (Clerk's Dkt. #14), and the responsive pleadings thereto. After reviewing the pleadings, relevant case law, and the entire case file, the Court issues the following Opinion and Order.

**I.   BACKGROUND**

Plaintiff Derrick Johns brings this case for actions in tort against Defendant John Kaelblein. Plaintiff Johns cofounded DiFusion Technologies, a medical device and biomaterials manufacturer, in 2008. In 2010, Mr. Johns recommended that DiFusion's Board of Directors hire Defendant John Kaelblein as the company's President and Chief Operating Officer (COO).

Plaintiff maintains that, as President and COO (and Controller from June 2010 through July 2012), Defendant controlled DiFusion's "entire financial and accounting operations." Pl.'s First Am. Original Compl. (Clerk's Dkt. # 13), filed July 10, 2015, ¶ 9. The Plaintiff suggests Defendant made little effort to carry out his fiscal duties and responsibilities, ¶ 10, failed to implement "a viable accounting system capable of complying with state and federal reporting

1

requirements," *id.*, and failed to separate and classify corporate expenditures, *id.* ¶ 11. The latter is particularly relevant to these proceedings: Defendant allegedly combined deductible business expenses, salary advances, and investments into an account titled "Advances to Related Parties." *Id.*

The amorphous "Advances" account created trouble in 2012 when DiFusion's Board of Directors attempted to raise capital from potential investors who required more detailed financial statements. *Id.* ¶ 13. Threatened with losing investments, Defendant Kaelblein, then – Chairman of the Board Mike McCarthy, Board members Russell Putnam and Gary Ghiselli, and outside accountants Peter Zoch and Craig Dugan reclassified "Advances to Related Parties" as a "Derrick Johns Advance Account," *id.* ¶ 14. Further, and despite actual knowledge that Plaintiff did not receive the entire amount in the newly renamed account, *id.* ¶ 15, Defendant "provided a sworn statement in a separate lawsuit wherein he testified that all of the funds classified as 'Advances to Related Parties' were specifically funds secured by Derrick Johns for his personal use.'" *Id.* ¶ 17.

Based on these actions, Plaintiff filed suit in April 2015 alleging that (I) Defendant breached a fiduciary duty to Plaintiff based upon their "informal fiduciary relationship," *id*. ¶¶ 20 - 24; (II) Defendant was negligent based on a common law duty to exercise reasonable care and negligent per se based on a statutory duty to comply with the Texas Business Organizations Code, *id*. ¶¶ 25 - 30; (III) Defendant made negligent misrepresentations to Plaintiff when he provided Plaintiff with inaccurate W-2 Forms, *id*. ¶¶ 31 - 35; and (IV) Defendant is liable to Plaintiff under theories of vicarious liability, *id*. ¶¶ 35 - 43. Plaintiff seeks damages for, inter alia, taxes, penalties, and interest assessed against Plaintiff by the IRS as a result of the "Advances to Related Parties" that Defendant Kaelblein improperly designated as advances to Plaintiff and

attorney's fees and expenses incurred in connection with Plaintiff's ongoing IRS investigation. *Id.* ¶ 44.

Defendant has now filed a motion to dismiss Plaintiff's complaint for failure to state a claim. The parties have filed responsive pleadings and the matter is ripe for determination.

## II.     STANDARD OF REVIEW

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atl. v. Twombly*, 550 U.S. 544, 555-57 (2007). Rather, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. The Supreme Court has made clear this plausibility standard is not simply a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 456 U.S. 662, 678 (2009). The standard is properly guided by "[t]wo working principles." *Id.* First, although "a court must accept as true all of the allegations contained in a complaint," that tenet is inapplicable to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Second, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common

sense." *Id.* at 679. Thus, in considering a motion to dismiss, the court must initially identify pleadings that are no more than legal conclusions not entitled to the assumption of truth, then assume the veracity of well-pleaded factual allegations and determine whether those allegations plausibly give rise to an entitlement to relief. If not, "the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)).

### III. ANALYSIS

Plaintiff brings claims under four legal theories: (I) Defendant breached a fiduciary duty to Plaintiff based upon their "informal fiduciary relationship," Pl.'s First Am. Original Compl. ¶¶ 20 - 24; (II) Defendant was negligent based on a common law duty to exercise reasonable care and negligent per se based on a statutory duty to comply with the Texas Business Organizations Code, *id*. ¶¶ 25 - 30; (III) Defendant made negligent misrepresentations to Plaintiff when he provided Plaintiff with inaccurate W-2 Forms, *id*. ¶¶ 31 – 35; and (IV) Defendant is liable to Plaintiff under theories of vicarious liability, *id*. ¶¶ 35 - 43.  The Court addresses each of these claims in turn.

#### A. Fiduciary Duty Claim

Plaintiff's first cause of action turns on the existence of an "informal fiduciary relationship between Plaintiff and Defendant Kaelblein." *Id.* ¶ 20(a). A "fiduciary duty" is "imposed by courts on some relationships because of their special nature." *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 199 (Tex. 2002). The duty is strict – it requires not only that a party act with good faith and deal fairly, but also that he or she "place the interest of the other party before his own." *Crim Truck & Tractor Co. v. Navistar Intern. Transp. Corp.*, 823 S.W.2d 591, 594 (Tex. 1992).

A preliminary step to assessing a claim for breach of fiduciary duty is therefore determining whether a fiduciary relationship exists at all. Certain relationships are fiduciary as a matter of law: Texas courts have held that trustees have a fiduciary relationship with the beneficiaries of the trust; executors with the beneficiaries of an estate; attorneys with clients. *See Brewer & Pritchard*, 73 S.W.3d, at 199 (compiling sources). The list is not exhaustive, though. Courts have recognized "certain informal relationships" giving rise to a fiduciary duty. *Crim. Truck*, 823 S.W.2d, at 594 (refusing to recognize a fiduciary duty between franchisor and franchisee). In broad strokes, the fiduciary relationship arises by the "occup[ation] [of] a position of peculiar confidence toward another." *Brewer*, 73 S.W.3d, at 199 (quoting *Kinzbach Tool Co. v. Corbett-Wallace Corp.*, 160 S.W.2d 509, 512 (Tex. 1942)).

Plaintiff's pleadings claim that Defendant occupied such a position relative to Plaintiff. Plaintiff, one of two DiFusion founders, "placed his confidence in Defendant Kaelblein to lead the company that he founded based upon their prior business relationship." *Id.* ¶ 21. He recommended Defendant to the board. Subsequently, Defendant "abused and betrayed Plaintiff's trust." *Id.* ¶ 22.

Plaintiff's claims are insufficient to show Defendant had a fiduciary duty to Plaintiff. While Defendant, as President, COO, and Controller, owed a fiduciary duty to DiFusion, *see Int'l Bankers Life Ins. Co. v. Holloway*, 368 S.W.2d 567, 577 (Tex. 1963) (noting the duty of officers to a corporation), it is implausible that he owed a separate – and perhaps conflicting – duty to Defendant. A prior business relationship, even a "cordial one, of long duration," is not enough to support the imposition of a fiduciary duty. *See Crim Truck*, 823 S.W.2d at 595. The decision to hire a businessman – let alone the recommendation that others hire a businessman – also does not support the imposition of a fiduciary duty. *Cf. id.* 594 – 95 ("The fact that one

businessman trusts another, and relies upon his promise to perform a contract, does not rise to a confidential relationship.").

Though Plaintiff is right that "[t]he existence of a confidential relationship is usually a question of fact," Pl.'s Resp. to Def.'s Mot. Dismiss Pl.'s First Am. Original Compl., ¶ 5, Plaintiff's pleadings must – and do not – show more than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 456 U.S. 662, 678 (2009).

Accordingly, Defendant's Motion to Dismiss the First Amended Complaint is granted insofar as it pertains to Plaintiff's claims that Defendant breached a fiduciary duty to Plaintiff.

### B.  Negligence and Negligence Per Se Claims

Plaintiff next alleges that Defendant's actions constituted negligence and negligence per se. Pl.'s First Am. Original Compl. ¶ 25. The Complaint alleges that Defendant owed Plaintiff "the common law duty to exercise reasonable care to avoid a foreseeable risk of injury to others," and the "statutory duty," out of Texas Business Organizations Code § 3.105, to adhere to certain business practices. The Court will address the contentions separately, determining first whether Defendant breached a common-law duty of care as to Plaintiff; and second, whether Defendant breached a statutory duty as to Plaintiff.

#### i.  Common Law Duty of Care

Plaintiff claims that Defendant owed him the "common law duty to exercise reasonable care to avoid a foreseeable risk of injury to others." Pl.'s First Am. Original Compl., ¶ 26. Defendant allegedly breached that duty by deficient maintenance of financial records and preparation of tax documents, thereby causing foreseeable injury to Plaintiff.

However, Plaintiff's pleadings do not sufficiently state a claim for breach of the common law duty of care. Under Texas law, the duty to exercise reasonable care pertains "to situations

6

where bodily injury or injury to property belonging to the party is involved." *Wal-Mart Stores, Inc. v. Lane*, 31 S.W. 3d 282, 293 (Tex. App. – Corpus Christi 2000, pet. Denied). Plaintiff alleges no injury to person or property. Rather, the damage allegedly suffered is economic (costs incurred through attorney's fees, taxes, and penalties) and emotional (stress, anxiety, and their resultant physical and economic costs). Pl.'s First Am. Original Compl. ¶ 44. Texas law restricts recovery for both types of alleged damage. *See LAN/STV v. Martin K. Eby Const. Co., Inc.*, 435 S.W.3d 234, 235 (Tex. 2014) ("In actions for unintentional torts, the common law has long restricted recovery of purely economic damages unaccompanied by injury to the plaintiff or his property."); *Boyles v. Kerr*, 855 S.W.2d 593, 594 (Tex. 1993) (Texas does not generally allow recovery for the negligent infliction of emotional distress).

In order to state a claim for relief, then, Plaintiff's pleadings would have to have proven an exception to tight restrictions on recovery in unintentional tort for economic loss or emotional distress. They did not do so, and Plaintiff's Response to Defendant's Motion to Dismiss seems to concede as much when it collapses the negligence and negligence per se claims into the Complaint's claims for negligent misrepresentation. *See* Pl.'s Resp. to Def.'s Mot. Dism. Pl.'s First Am. Original Compl., ¶¶ 13, 14.

Accordingly, Defendant's Motion to Dismiss should be granted insofar as it pertains to Plaintiff's claim for breach of the common law duty of care.

### ii.     Statutory Duty of Care

Plaintiff next alleges Defendant breached a "statutory duty" to adhere to certain business practices. The duty arises from the Texas Business Organizations Code § 3.105, which Plaintiff contends "is designed to protect a class of persons to which the injured party belongs against the

type of injuries suffered," Pl.'s First Am. Original Compl., ¶ 28(a), and "is of the type that imposes tort liability and constitutes negligence per se, *id.* ¶ 28(b).

The two subsections of Business Organizations Code § 3.105 are two sides of the same coin. Officers of a domestic entity may, "in good faith and ordinary care," rely on information provided to them by other officers or employees or people occupying other enumerated roles as to the entity; officers may not, however, rely on such information "if the officer has knowledge of a matter that makes the reliance unwarranted." TEX. BUS. ORG. CODE §3.105. The provision is an authorization for officers to rely on information provided by certain others in carrying out their duties. It does not purport to impose a duty on the officer of a corporation, and it does not expressly create a private right of action by one officer against another. Plaintiff does not show why, despite "no Texas case or federal case applying Texas law" ever recognizing a negligence cause of action under the cited provision, Def.'s Mot. Dism. Pl.'s First Am. Original Compl., at 3, he has stated a claim upon which relief can be granted. Indeed, Plaintiff's Response to Defendant's Motion to Dismiss makes no mention of § 3.105, instead relating all negligence and negligence per se claims to the originally separate claims for negligent misrepresentation.

Accordingly, Plaintiff has not pleaded a sufficiently plausible claim of negligence per se, and Defendant's Motion to Dismiss should be granted insofar as it pertains to Plaintiff's claim for breach of a statutory duty under Texas Business Organizations Code § 3.105.

### C. Negligent Misrepresentation

Plaintiff contends that Defendant made a negligent misrepresentation by "submit[ing] false financial statements" and failing to provide Plaintiff with accurate W-2 forms. Pl.'s Am. Original Compl. ¶ 33. Defendant avers that Plaintiff's pleadings are not sufficient to prove the

element of justifiable reliance, "*i.e.*, that the plaintiff took some action in reliance on the misrepresentation of the defendant." Def.'s Mot. Dism. First Am. Compl. (Clerk's Dkt. 14 ), at 4.

Plaintiff's pleadings are scarce on the element of justifiable reliance. Their only mention of the element is in ¶ 31(d) of the Amended Complaint, which states in its entirety that "Plaintiff justifiably relied on the information." Plaintiff's Response to Defendant's Motion to Dismiss layers the claim by adding that "[i]f Defendant had made full disclosure in his 2011 financial statement or provided Plaintiff with a 2011 W-2 Form reporting $642,861 in salary advances, Plaintiff would have taken any number of steps to rectify the situation and avoid an IRS investigation." Pl.'s Resp. Def.'s Mot. Dismiss Pl.'s First Am. Compl. (Dkt. 15), at 4.

Beyond the sparseness of the original pleadings (and the sparseness of Plaintiff's Response), Plaintiff nonetheless fails to state a claim upon which relief can be granted. Crucially, the pleadings fail to show that Defendant's provision of tax information falls within the scope of the negligent misrepresentation tort. Negligent misrepresentation occurs when one who, "in the course of their business . . . or in any transaction in which [they have] a pecuniary interest, supplies false information for the guidance of others in their business transactions." Restatement (Second) of Torts § 552 (1977); see also *McCamish v. F.E. Appling Interests*, 991 S.W.2d 787, 791 (Tex. 1999).

Plaintiff's pleadings fail to articulate why the tort applies to Defendant's conduct.  It is not enough that Defendant was ostensibly the corporation's bookkeeper. It must be pleaded that he had a "pecuniary interest" in the provision of tax documents to the Plaintiff. *See* Restatement (Second) of Torts § 552, cmt. c ("The rule stated in Subsection (1) applies only when the defendant has a pecuniary interest in the transaction in which the information is given . . . ."). Plaintiff has not alleged that Defendant had a pecuniary interest in providing tax documentation

9

to the Revenue Service and to Plaintiff. Nor has it been pleaded that the tax information was supplied "for the guidance of others in their business transactions." Id. § 552(1).

Beyond these preliminary matters, the pleadings do not go far enough to satisfy the element of justifiable reliance. Plaintiff's Amended Complaint asserts that Plaintiff "justifiably relied," and Plaintiff's Response adds that "[i]f Defendant had made full disclosure in his 2011 financial statement or provided Plaintiff with a 2011 W-2 Form reporting $642,861 in salary advances, Plaintiff would have taken any number of steps to rectify the situation and avoid an IRS investigation." Pl.'s Resp. Def.'s Mot. Dismiss Pl.'s First Am. Compl. (Dkt. 15), at 4. It is possible that, had Defendant noted Plaintiff's income differently, Plaintiff would have calibrated his conduct. The Court is left guessing, though, as to *what*, even in broad strokes, Plaintiff would have done differently. In other words, if "[o]ne relies as a predicate to doing some*thing*," *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 501 (5th Cir., 2000) (emphasis added), Plaintiff has not articulated what, in this case, that thing was.

Accordingly, Defendant's Motion to Dismiss the First Amended Complaint is granted insofar as it pertains to Plaintiff's claim to negligent misrepresentation.

### D.  Conspiracy

Plaintiff finally argues liability based on three theories of vicarious liability. Pl.'s First Am. Original Compl. ¶¶ 35 – 43. As Plaintiff notes in his Response, "[t]he vicarious liability claims . . . were included in anticipation of the fact that Defendant will seek to avoid his responsibility for Plaintiff's damages by assigning some or all of the blame on the acts of his co-conspirators." Pl.'s Response to Def.'s Mot. To Dismiss Pl.'s First Am. Original Compl. (Clerk's Dkt. 15), ¶ 19.

The vicarious liability claims are important to Plaintiff insofar as Plaintiff's submitted exhibits "suggest that Defendant did not play an active role in all of the acts of his co-conspirators." *Id.* ¶ 20.

Defendant is right, though, that Plaintiff's conspiracy claims fail to identify a key element – the wrong done to Plaintiff by those coconspirators. Plaintiff's vicarious liability claims are "derivative torts," "viable only if a plaintiff states a separate underlying claim on which a court may grant relief." Def.'s Mot. Dismiss First Am. Compl., at 5 (citing *Meadows v. Hartford Life Ins. Co.*, 492 F.3d 634, 650 (5th Cir. 2007)). In order to state a claim upon which relief may be granted, Plaintiff has to plead specifically and plausibly the wrong done to him by those others with whom Defendant allegedly acted in concert. Without more precision, this Court cannot grant relief.

Accordingly, Defendant's Motion to Dismiss the First Amended Complaint is granted insofar as it pertains to Plaintiff's vicarious liability claims.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff Derrick Johns has not stated claims upon which relief can be granted.

**IT IS ORDERED** that Defendant John P. Kaelblein's Motion to Dismiss the First Amended Complaint (Dkt. 14) is **GRANTED**. Plaintiff's claims against Defendant for breach of fiduciary duty, of the common law duty of care, and of a statutory duty, and for negligent misrepresentation and conspiracy, are dismissed with prejudice.

Signed September 9, 2015.

_____

ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE